[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The Commissioner of the Department of Children and Families, the Department, has filed a timely motion to extent the commitment of Jamie P Jr. (Jamie) to the care and custody of that agency. Additionally, the Department has requested that the court enter a finding that efforts to reunify Jamie with his parents are no longer an appropriate option.
The child's parents, Jamie P Sr. and Hilda M, have objected to the Department's motion for extension of commitment. As an alternative, they filed a motion to revoke their child's commitment. Additionally, the parents objected to the Department's attempt to stop reunification efforts. A contested hearing addressing all motions and objections was held before this court on January 2, 2001.
I. Procedural Background
In September 1999, the Department filed a neglect petition and sought an Order of Temporary Custody alleging that Jamie was neglected in that the child was both denied proper care and attention and further was allowed to live in conditions injurious to his well being. That order was confirmed in October 1999. Subsequently the child was adjudged neglected and committed to the care and custody of the Department.
The Department now has filed a motion to extend Jamie's commitment. The bases for the request are contained in the Department's Study in Support of Permanency Plan and Extension of Commitment dated September 30, 2000, State Exhibit A, which alleges, in essence, that these parents lack skills essential for the care of their infant. In addition to the request for commitment, the Department has recommended that this court rule that efforts to reunify the parents and child are no longer appropriate.
For the reasons set forth below, the court grants the extension of commitment. However, the Department is ordered to continue to make reasonable efforts to reunify these parents and their child.
From the evidence presented, the court finds the following facts:
II. FACTS
Jamie came into state custody after a violent episode during which Respondent Father injured both the child and Respondent Mother. The CT Page 2281 Department had concerns that Respondent Mother continued to remain in a potentially violent relationship, to the detriment of both her and her child.
During the course of the child's commitment, the Department allowed both mother and father to have supervised visits with their child. During those visits, both parents exhibited unsuitable behavior. In particular, Respondent Mother appeared easily distracted and interacted inappropriately with her child. Additionally in one episode she left her infant son unattended on a changing table, thus endangering him. The child's father also interacted improperly. One observer testified that Respondent Father appeared unable to understand his son's unique developmental needs and thus frustrated the child by over-stimulating the infant.
Conversely, evidence indicated that the parents have made significant efforts to develop proper parenting skills. They have kept appointments with the Department and have made their whereabouts known to the Department at all times. They have participated in virtually all counseling requested by the Department and have made progress toward identifiable treatment goals. Both parents have attended parenting classes, albeit individually at the Department's request. Although Respondent Mother has not attended toddler classes recommended by the Department, she cares for her two-year-old niece on weekends.
Both parents have complied with all other mandates imposed by the Department and by court order. They have maintained legal income and adequate housing. They have not been arrested. They have complied with in home services and court ordered evaluations and have visited the, child as often as allowed by the Department. Although the parents reside together, pursuant to Department order, they must visit their son separately.
The child has been in a series of foster homes since his initial commitment. The child does not have a close bond with either his natural parents or his current foster parent, although he is happy to return to the foster home after visiting his natural parents.
During the January 8, 2001 hearing, the Department alluded to several concerns concerning the parents' ability to properly care for this child. Their primary concern was the fact that these parents continue to live together, allegedly in a volatile relationship. Additionally, the Department questioned these parents' ability to ever care for a child.
III. ADJUDICATION
CT Page 2282
Extension motions are dispositional in nature, based on the prior adjudication. The judicial authority must determine, based upon a fair preponderance of the evidence, whether an extension of commitment is in the best interest of the child. (Connecticut Practice Book, Section 33-9).
This case is problematic in many respects. Review of the testimony and exhibits produced at this hearing convinces the court that this child has not been able to develop a close relationship with his natural parents. This is partially due to the parents' ineffective skills with the child. It is also partially the result of the Department's inability to recognize that these parents are a unit and that they should be rehabilitated as such.
There is little evidence that Respondent Mother is an unfit mother. Indeed, her own relatives presumptively acknowledged her abilities when they allowed her to assume the care and custody of her niece on weekends. However, given the difficulties that both mother and father encountered during their visits with their child, further training in the unique needs of their toddler is in order.
This court must conclude that Jamie cannot be restored to the care and custody his parents at the present time. The Department has proven by a fair preponderance of the evidence that the commitment of James to the care and custody of the Commissioner of the Department of Children and Families is in the best interest of this child. The petitioner's motion to extend commitment is hereby GRANTED. The Respondent's Motion to Revoke Commitment is hereby DENIED. The commitment of Jamie is hereby extended for a period not to exceed 12 months.
 The petitioner has also requested that this court make findings that further efforts to reunify parents and child are no longer appropriate. The facts introduced at this hearing indicate that these parents have attempted to maintain consistent contact, however ineffective the quality of that contact. Based on the totality of the evidence received, the court finds by a preponderance of evidence that further efforts by the Department to reunify Jamie and his parents are still appropriate. Those reunification efforts should include joint visits by and joint counseling for these parents. Therefore, the Respondent's Objection to the Permanency Plan is SUSTAINED.
Julia DiCocco Dewey, J. CT Page 2283 February 6, 2001